IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HIP, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 18-802-CFC |
| | : | |
| HORMEL FOODS | : | |
| CORPORATION, HORMEL | : | |
| FOODS CORPORATE | : | |
| SERVICES, LLC, OSCEOLA | : | |
| FOOD LLC, ROCHELLE | : | |
| FOODS, LLC, and DOLD | : | |
| FOODS, LLC, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM ORDER**

Plaintiff HIP, Inc. filed this patent case against Defendants Hormel Foods Corporation, Hormel Foods Corporate Services, LLC, Osceola Food LLC, Rochelle Foods, LLC, and Dold Foods, LLC. In Count I of its amended complaint, HIP alleges pursuant to 35 U.S.C. § 256 a claim for correction of inventorship and ownership of U.S. Patent No. 9,980,498 (the "#498 patent"), asserting that HIP's president, David Howard, is the sole inventor of the #498 patent and that, because Howard assigned all his rights to HIP, HIP is the sole owner of the patent. D.I. 21 at ¶¶ 138–148. In Count V, HIP alleges in the alternative a claim for correction of co-inventorship and co-ownership, asserting that David Howard is a co-inventor

and HIP a co-owner of the #498 patent. D.I. 21 at ¶¶ 192–193. In Counts II, III, and IV, HIP alleges that Defendants infringe the #498 patent. D.I. 21 at ¶¶ 149–191. HIP seeks among other things in its amended complaint: "a judgment and an award of all damages sustained . . . as the result of Defendants' misconduct, including but not limited to their acts of infringement and/or inducing infringement[.]" *Id.* at 44.

Defendants have moved to dismiss Counts II, III, and IV for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "due to HIP's lack of standing because [] Hormel Foods Corporation, not HIP, owns the [#]498 patent." D.I. 24 at 1.

"The party invoking federal jurisdiction bears the burden of establishing the[] elements [of standing]." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "[T]o assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to the patent *at the inception of the lawsuit.*" *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003) (emphasis in original). "The general rule is that one seeking to recover money damages for infringement of a United States patent (an action 'at law') must have held *legal title* to the patent . . . ." *Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1579 (Fed. Cir. 1991) (emphasis in original).

It is undisputed here that HIP has never held legal title to the #498 patent. HIP argues, however, that this Court has jurisdiction over HIP's infringement allegations based on "HIP's assertion of current equitable ownership." D.I. 27 at 2.

In support of its position, HIP argues that that the Federal Circuit "explain[ed]" in *Arachnid* "that 'a federal district court has jurisdiction to determine "a claim for infringement," asserted by an adjudged equitable title holder.'" *Id.* at 4 (quoting *Arachnid*, 939 F.2d at 1580). HIP's selective and incomplete quoting from the *Arachnid* decision, however, is misleading. The sentence from *Arachnid* reads in its entirety: "In other words, a federal district court has jurisdiction to determine a 'claim for infringement,' asserted by an adjudged equitable title holder, as a prerequisite to awarding *equitable* relief for that infringement." 939 F.2d at 1580 (emphasis in original). Indeed, in *Arachnid*, the Federal Circuit made clear that the "equitable basis of district court jurisdiction [is] of no help" to a plaintiff who has "sought *money damages, a remedy at law,* not equity." *Id.* (emphasis in original). Notably, HIP also failed to cite in its answering brief the Federal Circuit's decision in *Morrow v. Microsoft Corp.*, 499 F.3d 1332 (Fed. Cir. 2007). If there were any doubt about *Arachnid*'s holding, *Morrow* resolved it. The Court stated explicitly in *Morrow* that it had previously held in *Arachnid* that "equitable title to the patent is insufficient to confer standing to sue for legal relief from infringement." *Id.* at 1343. Because HIP seeks money

3

damages for infringement, equitable title is insufficient to provide it standing to allege Counts II, III, and IV.[1]

Contrary to HIP's assertions, Federal Rule of Civil Procedure 18(b), which permits a plaintiff to assert a claim that is contingent on another claim, cannot cure HIP's standing defect. The requirement that a plaintiff possess legal title of a patent to bring an infringement action for money damages is a constitutional standing rule, *see Morrow*, 499 F.3d at 1339 ("*Constitutional injury in fact* occurs when a party performs at least one prohibited action with respect to the patented invention that violates the[] exclusionary rights [of the party holding legal title to the patent]." (emphasis added)), and is therefore jurisdictional. As the Federal Rules of Civil Procedure "do not extend or limit the jurisdiction of the district courts," FED. R. CIV. P. 82, Rule 18(b) cannot provide HIP with the necessary standing to bring claims for money damages for infringement of the #498 patent.

---

[1] I note also that HIP has not "been *adjudged* the equitable title holder" of the #498 patent. *Arachnid*, 939 F.2d at 1580 (emphasis added); *see also Gabriel Techs. Corp. v. Qualcomm Inc.*, 2009 WL 3326631, at *10 (S.D. Cal. Sept. 3, 2009) ("Plaintiffs' assertion that the claim for equitable infringement can be litigated contemporaneously with the causes of action for correction of inventorship and declaration of ownership is without merit. This Court must assess whether it has subject matter jurisdiction presently; the Court cannot allow Plaintiffs' infringement claim to proceed on the mere possibility of having jurisdiction in the future."); *Proctor & Gamble Co. v. Paragon Trade Brands, Inc.*, 917 F. Supp. 305, 309 (D. Del. 1995) ("Although under some circumstances a party will be considered the equitable title holder of a patent, [the plaintiff] has not been *adjudged* to be an equitable title holder." (emphasis added)).

For the above-stated reasons, I will dismiss Counts II, III, and IV under Rule 12(b)(1) for lack of subject matter jurisdiction. *See Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007) ("A motion to dismiss for want of standing is [] properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter.").

**WHEREFORE**, on this Twenty-eighth day of March in 2019, **IT IS HEREBY ORDERED** that:

1. "Defendants' Renewed Motion to Dismiss Counts II-IV of the First Amended Complaint" (D.I. 24) is **GRANTED**.

2. Counts II, III, and IV of the First Amended Complaint (D.I. 21) are **DISMISSED**.

3. Defendants Hormel Foods Corporate Services, LLC, Osceola Food LLC, Rochelle Foods, LLC, and Dold Foods, LLC are **DISMISSED**. This action shall be re-captioned accordingly for future filings.

**IT IS SO ORDERED.**

					_____
					CONNOLLY, UNITED STATES DISTRICT JUDGE