IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HIP, INC., | ) | |
|           Plaintiff, | ) | C.A. No. 18-802-CFC |
| | ) | |
| v. | ) | |
| | ) | |
| HORMEL FOODS CORPORATION, | ) | |
| | ) | |
| | ) | |
|           Defendant. | ) | |

**PROPOSED SCHEDULING ORDER**

This ____ day of May, 2019, the Court having conducted an initial scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration:

IT IS ORDERED

    1. Rule 26(a)(1) Initial Disclosures. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order.

    2. Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **October 31, 2019**.

    3. Discovery.

        a. Discovery Cut Off. All discovery in this case shall be initiated so that it will be completed on or before **January 31, 2020**.

        b. Document Production. Document production shall be substantially completed on or before **October 11, 2019**. The parties may rely on and use the documents produced in connection with C.A. No. 1:18-cv-615 (CFC).

        c. Requests for Admission. A maximum of **40** requests for admission are permitted for each side.

      d. <u>Interrogatories</u>. A maximum of **25** interrogatories, including contention interrogatories, are permitted for each side.

      e. <u>Depositions</u>.

         i. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination. The parties may use depositions taken or produced in C.A. No. 18-615–CFC to the extent authorized under the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

         ii. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this District Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this District. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    4. <u>Application to Court for Protective Order</u>.

Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Disputes Relating to Discovery Matters and Protective Orders</u>. Should counsel find they are unable to resolve a dispute relating to a discovery matter or protective order, the parties shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than 48 hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and the party's position on those issues. The party shall submit as attachments to its letter (1) an averment of counsel that the parties made a reasonable effort to resolve the dispute and that such effort included oral communication that involved Delaware counsel for the parties, and (2) a draft order for the Court's signature which identifies with specificity the relief sought by the party. By no later than 24 hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Two courtesy copies of the parties' letters and attachments must be provided to the Court within one hour of e-filing the document(s). If a motion concerning a discovery matter or protective order is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the procedures set forth in this paragraph.

6. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

7. <u>Courtesy Copies</u>. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal.

8. <u>Disclosure of Expert Testimony</u>.

a. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **February 28, 2020**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **March 31, 2020**. Reply expert reports from the party with the initial burden of proof are due on or before **April 16, 2020**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along

3

with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **May 19, 2020**.

   b. Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

 9. Case Dispositive Motions.

   a. No early motions without leave. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **July 28, 2020**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.  Any opposition brief is due on or before **August 26, 2020**.  Any reply brief is due on or before **September 14, 2020**.

   b. Concise Statement of Facts Requirement. Any motion for summary judgment shall be accompanied by a separate concise statement detailing each material fact as to which the moving party contends that there are no genuine issues to be tried that are essential for the Court's determination of the summary judgment motion (not the entire case). Any party who opposes the motion shall file and serve with its opposing papers a separate document containing a single concise statement that admits or disputes the facts set forth in the moving party's concise statement, as well as sets forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated.

   c. Focus of the Concise Statement. When preparing the separate concise statement, a party shall reference only the material facts that are absolutely necessary for the Court to determine the limited issues presented in the motion for summary judgment (and no others), and each reference shall contain a citation to a particular affidavit, deposition, or other document that supports the party's interpretation of the material fact. Documents referenced in the concise statement may, but need not, be filed in their entirety if a party concludes that the full context would be helpful to the Court (e.g., a deposition minuscript with an index stating what pages may contain key words may often be useful). The concise statement shall particularly

identify the page and portion of the page of the document referenced. The document referred to shall have relevant portions highlighted or otherwise emphasized. The parties may extract and highlight the relevant portions of each referenced document, but shall ensure that enough of a document is attached to put the matter in context. If a party determines that an entire deposition transcript should be submitted, the party should consider whether a minuscript would be preferable to a full-size transcript. If an entire minuscript is submitted, the index of terms appearing in the transcript must be included, if it exists. When multiple pages from a single document are submitted, the pages shall be grouped in a single exhibit.

d. <u>Word Limits for Concise Statement</u>. The concise statement in support of or in opposition to a motion for summary judgment shall be no longer than 1,500 words. The text for each statement shall be 14-point and in Times New Roman or a similar typeface. Each statement must include a certification by counsel that the statement complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the statement.

e. <u>Affidavits and declarations</u>. Affidavits or declarations setting forth facts and/or authenticating exhibits, as well as exhibits themselves, shall be attached only to the concise statement (*i.e.*, not briefs).

f. <u>Scope of Judicial Review</u>. When resolving motions for summary judgment, the Court shall have no independent duty to search and consider any part of the record not otherwise referenced in the separate concise statements of the parties. Further, the Court shall have no independent duty to review exhibits in their entirety, but rather will review only those portions of the exhibits specifically identified in the concise statements. Material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.

10. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. <u>Pretrial Conference</u>. On **January \_\_\_\_, 2021**, the Court will hold a Rule 16(e) final pretrial conference in court with counsel beginning at **_____.m.** The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on the

third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

12. Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

13. Page/Word Limitations. Where page limits are specified by order or rule, the parties may alternatively use a word-count limit. For each page allowed by order or rule, the parties may alternatively use up to 250 words. For example, where the page limit specified by rule is 20 pages, the maximum number of words for a party's submission would be 5,000 (20 x 250). To the extent that a word count is used, a certification as to the total number of words must be attached as part of the submission.

14. Bench Trial. HIP sought a jury trial in this matter, but, in view of the Court's rulings on the partial motion to dismiss, HIP does not believe it is entitled to a jury trial on the only remaining claim. Defendants agree, and this matter is scheduled for a **5-day bench trial** beginning at 9:30 a.m. on **February \_\_\_\_\_, 2021**, with the subsequent trial days beginning at 9:30 a.m. The bench trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

15. ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

SIGNED this ___ day of _____, 2019.

                                                   _____
                                                   The Honorable Colm F. Connolly
                                                   United States District Court Judge

**Chart of Scheduling Order Dates**

| Event | Date |
|---|---|
| Joinder of Other Parties and Amendment of Pleadings | October 31, 2019 |
| Document Production (Substantial Completion) | October 11, 2019 |
| Discovery Cut Off | January 31, 2020 |
| Expert Reports – Opening reports | February 28, 2020 |
| Expert Reports – Rebuttal reports | March 31, 2020 |
| Expert Reports – Reply reports | April 16, 2020 |
| Expert Deposition Deadline | May 19, 2020 |
| Case Dispositive and *Daubert* Motions – Opening Briefs | July 28, 2020 |
| Case Dispositive and *Daubert* Motions – Opposition Briefs | August 26, 2020 |
| Case Dispositive and *Daubert* Motions – Reply Briefs | September 14, 2020 |
| Pretrial Order (3 days before Pretrial Conference) | January ___, 2021 by 5:00 p.m. |
| Pretrial Conference | January ___, 2021 at _____.m |
| Bench Trial | February ___, 2021 |